# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-399V
Filed: March 14, 2023
UNPUBLISHED

|  |  |
|---|---|
| DEBBIE HUTCHINS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Influenza ("flu") Vaccine; Shoulder Injury Related to Vaccine Administration; SIRVA |

*David Carney*, Green & Schafle LLC, Philadelphia, PA, for petitioner.
*Matthew Murphy*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

  On January 8, 2021, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of the influenza ("flu") vaccine she received on September 4, 2019. (ECF No. 1.) Respondent then filed his Rule 4(c) report recommending against compensation on September 6, 2022. (ECF No. 23.) On September 26, 2022, I issued an order to show cause why petitioner's clinical history is better explained by shoulder pathology than by cervical radiculopathy. (ECF No. 26.) Subsequently, on January 30, 2023, petitioner filed a status report indicating her intent to withdraw from the Vaccine Program. (ECF No. 28.)

  On March 13, 2023, petitioner filed a Motion for a Decision Dismissing her Petition. (ECF No. 31.) Petitioner indicated that "[a]fter undertaking the efforts [to retain an orthopedic expert to review the case] and in consultation with Petitioner, Petitioner made the decision to voluntarily withdraw her Petition for Compensation." (*Id.* at 3.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine.  See §§ 13(a)(1)(A) and 11(c)(1).  To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

Petitioner's medical records do not support her allegations by a preponderance of the evidence, and she did not file a medical opinion from an expert in support of her allegations.  Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.